IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HONGJIN TAN, #A205599271, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-930-X-BN |
| MERRICK B. GARLAND, ET AL., | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Hongjin Tan, then detained in this district by Immigration and Customs Enforcement (ICE) pending his removal from the United States, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging his detention. *See* Dkt. Nos. 3 & 4.

United States District Judge Brantley Starr referred Tan's habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As ordered, *see* Dkt. No. 5, the government responded, opposing relief, *see* Dkt. Nos. 7, 8. Tan filed a *pro se* reply. *See* Dkt. No. 9. Counsel then appeared for Tan. *See* Dkt. No. 10. And Tan moved for an expedited evidentiary hearing. *See* Dkt. No. 11.

The government now informs the Court that, in its opinion, an evidentiary hearing is no longer necessary because Tan has been released from ICE custody and, since he has been released, Tan's habeas petition should now be dismissed for lack of jurisdiction as moot. *See* Dkt. No. 13 ("[Tan] has received all of the relief that he

requested and to which he would be entitled if successful in his petition or at an evidentiary hearing, so there is no further relief that the Court may award.").

"'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.'" *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (quoting *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (citing, in turn, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))). "A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). "And '[i]t is well-settled, that mootness is a threshold jurisdictional inquiry.'" *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004)).

Tan's release on supervision appears to be such an event in the context of this habeas action. *See, e.g.*, *Uzahodjaev v. Lowe*, No. 1:16-CV-2006, 2017 WL 3394400, at *2 (M.D. Pa. Aug. 8, 2017) ("According to information provided to the Court by Respondent, Petitioner was released from custody on July 26, 2017. Since Petitioner was recently released from detention, … his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy." (citations omitted)).[1]

---

[1] *But cf. Farez-Espinoza v. Napolitano*, No. 08 Civ 11060(HB), 2009 WL 1118098, at *5-*6 (S.D.N.Y. Apr. 27, 2009) ("Although the Government in this case appears almost to argue that there is all but a categorical rule rendering *habeas*

The Court should therefore grant the government's request to dismiss this case as moot. And, if Tan disagrees, the opportunity to file objections to this recommendation affords him an opportunity to, though counsel, explain to Judge Starr why this case is not moot.

### Recommendation

The Court should dismiss this habeas action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

---

*corpus* petitions moot when the prisoner is released, to the contrary, numerous cases have acknowledged that, even where a prisoner's release would otherwise render a petition moot, the inquiry nonetheless is subject to potentially applicable exceptions to the mootness doctrine. … The Government cites to a litany of cases from jurisdictions across the country in which courts have found that the release of a prisoner who challenged only the length of his or her custody mooted the prisoner's *habeas* petition. To be sure, in the appropriate case, the conclusion that a petition is moot may indeed be correct. Yet, courts have also found opportunity to apply the mootness exceptions to reach the conclusion that a *habeas* petition is not moot merely because the prisoner had been released." (collecting cases)).

- 4 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE